attachment merely, or by it supplemented by the judgment and execution; the effect of the failure of Mrs. Kountz to show that the interests claimed by her were purchased with her own funds; and that he state his reasons for his conclusion in each instance, supported by any authorities he may deem pertinent. These questions were all raised by counsel and should have been disposed of by the auditor. We do not intend by these suggestions that the auditor shall take these matters up and dispose of them seriatim, but that he will embody in his report a full finding of the facts in all matters in controversy with his conclusions of law thereon. The parties can then file such exceptions as they may desire, and the matter will be in shape to have the questions raised on the record properly disposed of by the court. It is the duty of the appellant to print all the evidence reported by the auditor and necessary for a determination of the questions arising thereon.

The cases are recommitted to the court below with directions to refer them to the same or another auditor with instructions, after hearing the parties if they so desire, to report the facts on all matters at issue with his conclusions of law thereon; and with the right thereafter to the parties to file such exceptions to said report as they may desire.

---

# Sweigard *v.* Consumers' Ice Manufacturing and Coal Company.

*Execution— Stay of execution—Surety—Mandamus.*

Where a defendant in a judgment has taken an appeal to the Superior Court and has thereby superseded an execution which had issued, he cannot after the judgment has been affirmed, and after seven months have expired from the entry of the judgment, have a stay of execution for thirty days, by entering security as provided in section 4 of the Act of June 16, 1836, P. L. 755.

Rule for mandamus against Hon. ROBERT N. WILLSON, Judge of Common Pleas No. 4, Philadelphia County, to compel him to approve surety for a stay of execution under the Act of June 16, 1836, section 4, No. 470, Miscellaneous Docket No. 1.

From the record it appeared that judgment was entered against defendant on June 5, 1900. On June 12, 1900, an appeal was taken to the Superior Court, which appeal superseded an execution which had issued. On November 21, 1900, the judgment was affirmed by the Superior Court, and on the same day a petition was presented to Hon. ROBERT N. WILLSON to approve surety for a stay of execution. This petition was refused.

Judge WILLSON in his answer to the petition for a rule for mandamus stated that his reason for refusing the application was, that in his judgment there was no authority given by the statutes, or in the law of Pennsylvania, to allow the same.

*T. Fernley Brooks* and *William J. Wagenknight,* for the rule. —If the appeal acted as a supersedeas then all proceedings in the lower court were stayed, and the thirty days ceased to run against the petitioner upon the issuing of the certiorari: Rochester Bank v. Emerson, 10 Paige (N. Y.), 115; State v. Clerk of Passaic, 1 Dutcher (N. J.), 355; New Brighton, etc., R. R. Co. v. Pittsburg, Youngstown, etc., R. R. Co., 105 Pa. 13; Walden v. Berry, 48 Pa. 456; Allen, Ball & Co. v. Savannah, 9 Ga. 286; Kitchen v. Randolph, 93 U. S. 87; Draper v. Davis, 102 U. S. 370; Keyser v. Farr, 105 U. S. 265.

*Alfred Driver* and *J. Warren Coulston,* for respondent.—When the judgment was entered and the execution issued, the defendant had choice of two forms of relief, viz: to appeal or to enter bail for stay of execution: He chose the former and by appealing, waived his right to enter bail for stay of execution: Erie City Bank v. Compton, 27 Pa. 195.

PER CURIAM, January 19, 1901:
Rule discharged.