## Campbell v. Wade.

*Execution—Stay—Appeal—Waiver—Supersedeas—Acts of June 16, 1836, P. L. 755, and April 3, 1873, P. L. 60.*

1. The Common Pleas will not award a stay of execution after twelve months from the commencement of an action.

2. An appeal from a judgment and execution of a bond constitutes a waiver of a stay of execution.

Petition for stay of execution. C. P. Butler Co., Dec. T., 1923, No. 108.

*James M. Galbreath,* for petitioner.

*John B. Greer* and *Paul A. Core,* contra.

HENNINGER, P. J., Oct. 6, 1924.—Judgment was entered against the defendant on Oct. 30, 1923. Defendant appealed to the Superior Court on Nov. 15, 1923. He filed a bond making his appeal a *supersedeas* on Nov. 17, 1923. The Superior Court affirmed the judgment on July 3, 1924.

The suit in which the judgment was rendered was commenced by a writ of summons, returnable to the second Monday of May, 1921. Defendant applied for a stay of execution and approval of his bond on Sept. 8, 1924. The application is made under the Act of Assembly approved June 16, 1836, P. L. 755, and its supplements and amendments. The 4th section of the said act provides that a defendant shall be entitled to a stay of execution if his bond is approved within thirty days of the rendition of the judgment. The judgment in this case being for more than $500, the length of the stay granted, if the defendant is entitled to any stay, is twelve months. Section 1 of an act amending the Act of 1836, approved April 3, 1873, P. L. 60, provides that the stay must be computed from the return-day of the writ by which the suit was commenced. That would mean in the case under consideration that the twelve months must date from the second Monday of May, 1921. The application for the stay was made more than three years after the return-day of the writ by which the suit was commenced and more than ten months after the judgment was rendered. The appeal taken to the Superior Court did not change the fact that the judgment was rendered Oct. 30, 1923. We are, therefore, of the opinion that the defendant is not entitled to a stay of execution and that his bond tendered for that purpose should not be approved. The application was not made and the bond was not tendered within thirty days after the rendition of the judgment, and is, therefore, too late: Sweigart v. Consumers Ice and Coal Co., 198 Pa. 253.

Campbell v. Wade.

The return-day of the writ by which the suit was commenced in which the judgment was rendered having passed more than twelve months, the defendant is not now entitled to a stay, because in no event could the stay endure longer than May, 1922, a date long since past.

The defendant took an appeal and gave a bond, making the appeal a *supersedeas*, in which bond he agreed to pay the debt, interest and costs upon the affirmance of the judgment. We are of the opinion that the taking of appeal and entering of the bond would, in any event, be a waiver of the stay of execution. When a judgment is rendered against a person, he may either appeal or take the stay, providing the conditions are such as to entitle him to a stay, but he cannot take both. He cannot take an appeal and agree in the appeal bond to pay the judgment at a certain time and then obtain the stay to change his agreement. A careful consideration of the facts in this case and the acts of assembly applicable thereto compels us to the conclusion that the application must be denied.

Now, Oct. 6, 1924, the petition on the part of the defendant, Francis Henry Wade, for the approval of his bond in stay of execution, is refused, and a bill of exceptions is noted to the refusal.

From Thomas H. Greer, Butler, Pa.